Next case is Veterans Contracting Group versus the United States, 2018-1409. Mr. Whitcomb. Thank you, Your Honor. If it pleases the Court, my name is Joseph Whitcomb and I represent Veterans Contracting Group on its appeal. We have actually two appeals before the Court today, both 1409 and 1410. Ironically, these two cases, again, turn on the definition of a single word. In this instance, the word is unconditional. And we're dealing with the 09 case here? Yes, Your Honor. Because government counsel is different between the two cases. Understood. So, case 1409, as this Court is aware, deals with the roofing contract that was before, was a VA SDVOSB set-aside contract in the facts leading up to the appeal. So, back in July of 2017, Veterans Contracting Group was, in our view of the world, erroneously removed from the CVEVIP database. And I'll beg the Court's forgiveness in advance for the number of acronyms that are used in this, but they were removed from this database, in our view of the world, again, prematurely, because they were never reported their procedural due process. But the VA should have done before removing it, in our view of the world. And what we argued with the lower court was they should have issued a notice of intent, or notice of proposed cancellation. That's pursuant to what was then 38 CFR 74-2E. I may be misquoting. The claims court found that the VA acted arbitrarily and capriciously, and they restored your client to the eligibility list, right? Yes, Your Honor, they did. The difficulty, and what brings us here today, is that in the interim, in the- Then it canceled the solicitation because none of the bids were price competitive. So, what do you want here? Okay, so thank you, Your Honor, for that question, because that's exactly why we're here. In our view of the world, the contracting officer adjudicated, unilaterally, the very thing that was before the Court of Federal Claims, which was VCG's, or Veteran Contracting Group's, eligibility to compete on that procurement. So, we filed the protest pre-award, or pre- I keep saying that, pre-award, pre-submission. So, before the submission date, only by a number of hours, but we submitted the protest at 5 a.m. Eastern Time. Bid opening was due at 9 a.m. Eastern Time. The point of the complaint, the fulcrum of the complaint was, Veteran's Contracting Group was illegally removed from the VetBiz database. A few hours later, with or without the knowledge, and we would concede that it's possible that the VA didn't have actual knowledge, or the contracting officer didn't have actual knowledge of the protest, moved forward and opened the bids. However, the way appellees have framed this case is that the VA was, it took the VA another 20 days or so, 21 days. I think you're making this awfully complicated. I mean, basically, the VA erroneously refused to consider you in connection with the solicitation because you were improperly excluded from the list. And they've now created a new solicitation as a result of the cancellation, which excludes you being considered as a veteran-owned business. All of a sudden, even though they made a mistake, all of a sudden, as a result of that mistake, you can't even be considered for the contract as a veteran-owned business. Right? That is correct, Your Honor. That was our position in the lower court. Our position is here, but what Judge Leto- Wait, I'm a little confused. You mean, after they canceled this solution, solicitation, they've now issued a new solicitation for this roofing business? That was not an SDVOSB set-aside, which is a separate issue. In our view of the world, that's contravenes to Rule 2. I mean, if you have a protest against that, that's a different protest. That is right, and we are not here about that protest. Wait, wait, wait. We're not here about that procure- We're not here about the subsequent procurement. We're here about the procurement that went down in July of 2017. The reason that that protest is- Are you saying we can't consider what happened here? No, no, I'm not. Of course I'm not. I'm not suggesting that at all. If they merely canceled the procurement and had another procurement, which allowed you and other veteran-owned businesses to compete for the contract, it's hard to see that you would have a complaint here. So, there's a necessary fact here from the fact that the new procurement excludes you. Okay, that's a slight misstatement. It didn't preclude veterans. It just didn't- It precluded you as a veteran's preference. That's correct. That's a more accurate statement, Your Honor. It didn't preclude veterans. Certainly, veterans could compete in any procurement that comes out, even in a full and open. But in this instance, it left off the set-aside element, which was the advantage that our clients would have enjoyed in the first solicitation. Had they simply recompeted it as an SDV-OSB set-aside, I don't think that would have eliminated any harm because this court has had a lot to say about recompeting solicitations after bid opening when the prices have been aired because of the undue prejudice that that affords the original offer. Put that to one side. If they had canceled this solicitation and had a new solicitation, which allowed you to compete with the veteran's preference, that would have been permissible, right? I believe that our singular argument in that instance would have simply been the prejudice visited upon our clients and whether or not the VA had gotten over the bar of canceling a solicitation after bid opening in a construction contract like this one. And you did challenge the new solicitation, and Judge Leto said, I can't consider that challenge because it's raised judicata because I've already decided that. Yes, Your Honor. That is correct. That is an accurate statement. Our position from which we begin is that the contracting officer... Judge Leto's lower court decision related to the July 2017 procurement was that the contracting officer did not act... did not abuse his discretion in canceling the procurement and recompeting it. And our position was that the contracting officer usurped the authority of the court by determining unilaterally before Judge Leto had an opportunity to decide BCG's eligibility. But there wasn't a preliminary injunction or anything that... or a TRO that prohibited the VA from moving forward with the cancellation process, was there? The preliminary... actually, on the very day that they issued the cancellation, Judge Leto issued his decision... Right, but during this... I mean, you're talking about usurping the court's authority, but during this time period, you had not asked for a TRO. You didn't ask for a preliminary injunction even when you filed your complaint. It wasn't until you amended it. And so during this time, the VA was acting within the structure of its regulations and the like to consider a cancellation, wasn't it? Well, respectfully, Your Honor, the complaint was filed on July 28th. There was an oral argument on July 31st. In that oral argument, we raised the issue of the preliminary injunction and TRO. There's a conversation between Judge Leto, Ms. Westerkamp, and myself about whether or not we had properly raised the motion. And Judge Leto said, well, I might take your motion as an oral motion today on July 31st on the preliminary injunction. And then he set the scheduling for the motion and the briefing. Did you ask for a TRO at that hearing? We, I will admit that we did not expressly ask for a TRO at that hearing. No, we did not. So what legal authority is there to suggest that the VA couldn't invoke its regulations to consider a cancellation during this process? Well, and that goes back to the issue of whether or not. I think the government can cancel anytime it wants for any legal reason. Our basis is that the reason for canceling was illegal. And that was that there were no qualified veteran-owned businesses at the time of submission. And that was what we argued successfully was that Veterans Contracting Group was in fact eligible. That turned out to be the case after the fact. But at the time, you weren't in the database that the contracting authority had to rely on. Because the VA broke its own regulations. Because the VA failed to issue its notice requirement under its own regulations, its notice of proposed cancellation. Had the VA followed its own regulations and issued Veterans Contracting Group a notice of proposed cancellation, which would have afforded it 30 days to respond to the proposed cancellation, during which time VCG would have remained in the database pursuant to the VA's own regulations, then the basis for the contracting officer's cancellation wouldn't have existed. What do you want us to do with this canceled solicitation? Right now, we have no clear representation from the government as to the status of this roofing contract. If we have asked and we have not gotten any clear representation on the status of this roofing contract, whether it's moved forward, whether it's actually completed, we don't know where it is. And not for lack of asking. It was re-competed. It was re-awarded. But to our knowledge, we don't know that it has gone forward. If it has not, Your Honors, we would ask that this be – if we're right and Veterans Contracting Group was illegally removed, then it was eligible for competition on July 21st when it submitted – or July 28th when it submitted its proposal. And therefore, it should have been the awardee. Now, there are a – Wait. Are you asking us to award you the contract or just find that the cancellation of the solicitation was arbitrary and capricious and therefore order that the solicitation be reopened? The latter with a caveat, Your Honor, which is that it begins with the declaration that BCG was illegally removed in the first place. One of the reliefs that we sought at the lower court, the judge denied us, was the retroactive application of that preliminary injunction back to the date of removal. And our legal view of the world is if it was illegal to remove them in the first place and to really restore them to their rightful place, the relief has to be granted retroactively. Because if there's 10 days or 2 days or 3 days under which they were ineligible to compete and that ineligibility was erroneous, then they have been harmed. Whether it's related to this procurement or others, their status as a service-disabled Veteran eligible to compete for VA set-asides for whatever period of time was wrongly interrupted. If you're well into your rebuttal time, you can continue or save it. I will save it. Thank you. Mr. Mager. Thank you, Your Honor. May it please the court. This to me looks a little bit like a shell game.  You're not arguing that it was proper. And you're saying, aha, because of our wrongful conduct, it was permissible for us to cancel a solicitation. And that doesn't seem right somehow. Your Honor, that's not what we're arguing. First, as a point of clarification, the court never held that it was illegal for the VA to remove Veterans contracting from the database. The VA proceeded under 38 Section 3.42e. I thought that the Court of Federal Claims held that they were improperly excluded from the database. They found that was arbitrary and capricious for them to be removed. Well, that's improperly excluded. Well, there's a degree of difference because in the bid protest, there are different standards of view. There's a question whether you're acting in violation or not. Well, why are you fighting it? I mean, the Court of Federal Claims held that they were wrongfully eliminated from the database. You're not appealing that. And so we have to assume that that's correct, right? But it's important here that they had never sought to enjoin the opening of bids. No, no, that's a different question. They were improperly excluded from the database, right? Yes, but that's not being contested here. Right. So what you're saying is because they were improperly excluded from the database, it was okay for us to cancel the contract because they weren't in the database. That seems wrong. Yes, but the terms of the solicitation expressly provided, and this veteran contracting would have been aware of, that all prospective bidders must be verified, visible, and certified in that database at the time of offer submission. Yeah, but it's your wrongful conduct that kept them out of the database. And yet they had to challenge that conduct prior to the time that bids were due in order to stop the VA from ultimately getting it. What is it, laches? What are you saying? It's a matter of the contracting officers required to comply with both regulations and the terms of the contract. The terms of the contract expressly provided that in order to qualify, you need to be in the database at the time you're submitted. They were not and they were never. Yeah, because of your wrongful conduct. They weren't in the database at the time. And you're trying to take advantage of that and say, well, maybe we were wrongful, but the fact is they weren't in the database. And that's what Judge Leto said. That doesn't make any sense to me. And Judge Leto did provide them with some form of relief, just not the drastic remedy of an injunction in this case. Because they had not sought us to enjoin the opening of bids, because they hadn't sought to enjoin the cancellation until after the cancellation had occurred, we provided notice to the court that we were in the process of canceling the solicitation. No injunction was forthcoming. The VA simply followed its normal regular processes, especially in the context of an invitation for bids. An invitation for bids, the date of bid opening, is an extremely significant date. I mean, as this court is aware, a responsiveness to an offer is determined at the time that bids are opened. That's not something that we get the ability to waive. That's the law. And so if they were not responsive pursuant to the terms of solicitation on date of bids openings, they would see... Even though it was because of your wrongful conduct. Even though it was because there's a section of the VA that the court held had acted in an arbitrary and capricious fashion in removing them from the database. At the time of the bid... Wait, can you stop? At the time of the bid opening, though, that determination had not been made. Is that correct? I'm sorry, which determination? That the exclusion was arbitrary. The court hadn't found that they were arbitrary, and you are... I mean, we can't go with the presumption that the agency's conduct will be arbitrary, that their removal from the database was arbitrary. There's express regulation. And throughout this... Which requires their removal. Throughout this proceeding up to the actual cancellation date, did you concede that this was arbitrary? No, we did not. So how could the contracting officer have not excluded them from this bid opening? Or once they opened the bids and saw that they weren't? I don't see... And the debate it. I don't see any way that they could not have otherwise... Unless we were in the circumstance where the court had issued disjunction or issued some ruling on the exclusion from the database prior to the completion of cancellation or prior to the opening of bids. That's closer to the situation in Miles Construction, a case that the court does discuss. That case is not binding on this court. It's another similar case involving veterans-owned businesses and issues with the database. But in that case, they had qualified at the very time, the relevant time period. Here, that's very different. And the court does properly distinguish between that. But there's plenty of cases where somebody undertakes a wrongful act without knowing it was wrongful. And the remedy is to undo the consequences of that. That's all they're asking here. There was a wrongful act. They want to undo the consequences of the wrongful act. And yet the contracting officer, the court properly found that they still acted reasonably in not assuming that the portion of VA that had been in charge of the database had acted arbitrarily and capriciously in complying with the VA's regulations. I don't understand what you're saying. The contracting officer ultimately acted reasonably. At the time, he thought he was acting reasonably. But as it turned out, he wasn't acting reasonably. And they're just saying if you act wrongfully, you can't rely on your own wrongful conduct to deny us relief. Well, I mean, first, it's not directly the contracting... It's not the contracting officer's own wrongful conduct. It's the government's own wrongful conduct. It is an arbitrary and capricious action by the... as the court held by another section of the VA that was simply complying with its regulations. And in complying with the regulations, the court imposed a duty to look further into the questions of removal and SBA removals. And it was reasonable for the contracting officer not to assume that that would happen. Once the court had ruled... I mean, the contracting officer would have to... Nobody's saying that the contracting officer was unreasonable about what he did at the time. But the fact is that he, in doing it, was relying on wrongful conduct by the government, which has now been finally determined to be wrongful. And yet you're saying there's nothing that can be done about it. And that just seems to me that it's a hard row to hoe. It's simply too late. There was things that could have been done about it had veterans contracting either sought a preliminary injunction against... or a TRO against the bid opening. Had they sought, you know... Had they challenged the term of the solicitation. What case says it's too late to do something about it? Well, it says that responsiveness is determined... As a general matter, responsiveness to an invitation to a bid is determined at the time of bid opening. If their problem is with the term that might give rise to these situations, their issue was with the fact that the contract specified they need to be in the database. They're not in the database... What case says that you can't undo wrongful conduct because the government official thought it wasn't wrongful at the time? I'm not aware of a case barring one from retroactively doing that. And I don't think the court held that that was the case. It just held that injunction wasn't appropriate here. That the contracting officer did act reasonably. That's different from... I'm not aware, though, of a case that also supports the notion that you could go back in time when you've sat on your rights and not filed a motion for a TRO, not filed a motion for a preliminary injunction, not attempted to stop the conduct at issue, and ultimately undo that. Moreover, I mean, in a record review case, the contracting officer has to rely upon the record before that. The contracting officer... It's been repeatedly stated that these cases are limited record review cases. The court considers what was before the decision maker at the time. So your view is at the time the contracting officer and then the approving authority, which is at a much higher level, made the cancellation decision, the record didn't show that it was arbitrary and capricious. That's absolutely correct, Your Honor. And this different error doesn't somehow turn that into a now arbitrary and capricious error. That's correct, Your Honor. And that the error, which you have, I guess, decided not to appeal, on the exclusion, the remedy for that can't be to undo a cancellation that was appropriate under the existing legal authority. That's correct, Your Honor. Now, in the next case, which we're not really going to get into yet, the government has moved to dismiss the mootness. Why are you not arguing that this is moot because the contract has been canceled? Well, the challenge... Solicitation. The challenge, it would be erroneous to argue that a challenge to a cancellation becomes moot when that cancellation occurs. I mean, that's effectively what they're challenging. So that challenge to cancellation is not moot. There are cases where if, and in this case, we've gone forward, we had a new solicitation. That new solicitation was challenged by Veterans Contracting. They lost. That challenge was not appealed. We awarded a new contract. What's the status of the contract now? I do not know the status of the contract, but I do know it is not substantially complete, and that is the standard for mootness. And so because the subsequently awarded contract is not substantially complete at this time, we have not argued that this case is moot. Unless there are any further questions, we respectfully request this court affirm the decision of the United States Court of Federal Claims. Thank you. Thank you, Mr. Mager. Mr. Whitcomb has almost three minutes for rebuttal, if you need it. I do, and I appreciate that, Your Honor. In listening to my own argument and listening to the government's argument, I think I understand where the fulcrum of this case lies, and that is whether or not the contracting officer's actions, and I think that's Judge Hughes's point, were the contracting officer's actions arbitrary capricious, and what we've argued all along, is that the Veterans Administration's actions were illegal or arbitrary capricious. What we're reviewing here is the contracting officer's cancellation, right? Yes, Your Honor, we are. I mean, that's the case that was presented, and we apply the APA standard, and we apply whether the contracting officer acted reasonably or not, and Judge Letoff found that the contracting officer acted reasonably at the time in canceling the contract. That was not all. I'm sorry to interrupt, Your Honor. No, go ahead. There was two things that Judge Letoff ruled. One was that the contracting officer didn't act arbitrarily, and the second was that the relief should not be afforded retroactively, which would have… Relief for the separate error, which was the exclusion. Right, and both of those issues are before this court on appeal. But if we decide that the contracting officer didn't act arbitrarily in canceling the contract, then how can we undo that based upon the other error? I believe based on Judge Dyke's point, which is that the agency generally, not the contracting officer, but the agency generally acted arbitrarily and capriciously beginning with when it removed VCG from the database in the first place, denying it its procedural due process rights. That was another part of Judge Letoff's ruling was… But you never asked for any kind of temporary restraining order to stop the cancellation or stop the opening of bids. So once the contracting officer canceled the contract, and let's assume that that decision is reasonable and not arbitrary and capricious, then what kind of relief can you get? I mean, you're asking us to undo a reasonable decision by the contracting officer because it was later determined that there was error in other parts of the process. So what I'm asking for is that the VA be held accountable for its overall… The VA generally be held accountable for its overall capricious… I understand your general theory, and I agree with you. It seems somewhat unfair here. But I don't understand the legal route that you're telling us how we get there. When the contract was reasonably canceled under the FAR regulation. It was reasonably… Well, first, I don't agree with that. I don't agree that it was reasonably canceled. If the basis for the cancellation, which was that they were simply not in the database, was the VA's fault. How could it be reasonably canceled if they acted wrongfully? That's right. If the VA's the reason they weren't in the database, it wasn't VCG's bad act that caused it to not be in the database, then I think we wouldn't be here. It was the VA's bad act. Three days before this procurement came out, or I think maybe I'm mistaken, maybe less than a week before the submission date… But I don't understand what you expected the contracting officer to do once he opened the bids and found that you weren't in the database. He couldn't unilaterally restore you to the database. He could look at the bids that were in the database. He determined that the two ones that qualified were way too high, and he submitted a cancellation request. He submitted a cancellation request not on the day of bid opening, and certainly not even before he knew that VCG was contesting its eligibility. So that happened. It was a full 21 days. In fact, it was two hours before… But are you suggesting that he had the discretion to put you back in the bidding? No, I'm arguing that he had the discretion, as agencies do every single day, of staying any further activity on that contract. What obligation did he have that absent direction by the court? Because he was making an eligibility determination that was before the court. But isn't it true? He didn't get to make the eligibility determination. That was made by a different part of the VA. All he could do was look at the database. I don't think that's accurate. I don't think that the only thing the contracting officer could do was simply blindly look at the database. There are a number of reasons a person might not have been in the database. They might have looked up the wrong DUNS number. The database itself could have been down. The contracting officer isn't required to put blinders on as it relates to the other factors that are at play. And as it relates to… And I've gone way over my time, so I can… Well, you can finish. So my point is the contracting officer did not, in our view of the world, have to or was obligated to operate in a vacuum. And going beyond that, I think it was unreasonable. We argue that it was unreasonable for that contracting officer to operate as if he were in a vacuum and unknowing of what else was going on around him to include the fact that VCG had contested its eligibility, the idea that the VA had ignored its own regulations. All of that was… The contracting officer was well aware of all of that by the time the actual cancellation decision came down. Thank you, counsel. We'll conclude the argument for this case. Thank you, Your Honor.  Thank you. I appreciate that. And we need to have a little switch of topics.